JAMES C. EDSON

*vs.*

HENRY A. CHILD.

Taylor vs. Taylor, 10 Minn. 107, followed.


At the general election in 1870, the parties above named were rival candidates for the office of county attorney in McLeod county. The canvassing board of said county declared Child duly elected to said office. Edson appealed from

Edson v. Child.

the decision of said board to the district court for said county. It appears from the findings of the court before whom the appeal was tried, that in certain towns in the county " no registry poll lists were made, posted up or in any manner used;" that the judges of election for said towns, respectively, made return of the votes polled therein ; that counting in such votes Child would have a majority of the votes cast in said county for said office, and that by excluding them the majority would be for Edson. Upon these facts, as a conclusion of law, the court found that Child was elected to said office, and entitled to the same and its emoluments. Judgment was entered accordingly. Edson appeals therefrom to this court.

J. C. EDSON and C. K. DAVIS, for Appellant.

L. L. BAXTER and D. H. PINNEY, for Respondent.

*By the Court.*—BERRY, J.—In holding that the failure to make or use " registry poll lists " did not furnish sufficient ground for rejecting the votes cast in the towns in which such failure occurred, the court below very properly followed the rule of Taylor vs. Taylor, 10 Minn. 107.

My own opinion that the rule so followed is unsound and unwholesome, remains unshaken, so that if the question to which it relates were new, I should in the case at bar take the same position taken in my dissenting opinion in the case cited above. But there are good reasons why this court should not now reconsider the rule referred to. In addition to the staple reason that to do so would be to disregard a well-considered judgment of this court, it is to be observed that the decision in Taylor vs. Taylor was rendered more than five years ago, and that it related to a subject of general and public interest, that it determined, among other things, what effect the legis-

lature *intended* should follow from a non-compliance with certain purely *statutory* regulations in regard to the use of " registry poll lists " at elections; that if this court misconceived the intention of the legislature, or if such intention as fairly gatherable from the statute as it then read, and now reads, was not satisfactory, it was very easy for the legislature to have expressed a different intention at some one of the many sessions which have occurred since the decision referred to was reported; or if as contended by the respondent, the expression of a different intention would be unconstitutional legislation, (upon which we intimate no opinion) this is an unanswerable reason why the decision in Taylor vs. Taylor should not be disturbed.

Judgment affirmed.